UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CONSUELO JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-2491 (RCL) |
| | ) | |
| UNITED STATES OF AMERICA,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

In March 2021, *pro se* plaintiff Consuelo Jordan, filed a complaint in the Superior Court of the District of Columbia against Jasper Ormond ("Ormond"), whom she identifies as the former Interim Director of the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"). Compl., ECF No. 1-2. In September 2021, an authorized United States official certified, pursuant to the Westfall Act, that at all relevant times of the alleged conduct Ormond was acting within the scope of his federal employment, ECF No. 1-3, and the case was removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, Not. of Removal, ECF No. 1. *See* D.C. Code § 24–133(a) (establishing CSOSA "within the executive branch of the Federal Government").[2] The United States has moved to dismiss under Federal Rules of Civil Procedure

---

[1] By substitution.

[2] Under the Westfall Act, 28 U.S.C. § 2679(d), when the U.S. Attorney General certifies that the individual defendant is operating within the scope of his office, the "employee is dismissed from the action and the United States is substituted as defendant in place of the employee." *Osborn v. Haley*, 549 U.S. 225, 230 (2007). Upon certification, which "conclusively establish[es] scope of office or employment for purposes of removal," the civil action "shall be removed" to the appropriate federal district court. 28 U.S.C. § 2679(d)(2).

1

12(b)(1), 12(b)(5), and 12(b)(6). Def.'s Mot., ECF No. 6. For the following reasons, the Court will **GRANT** the motion and **DISMISS** the case for lack of jurisdiction.

## I. BACKGROUND

Plaintiff sued Ormond, alleging, among other wrongs, "sexual conduct, gross conduct, harassment, [and] job discrimination." Compl. 4.[3] The supporting facts, to the extent intelligible, allege multiple bizarre occurrences, *see* Def.'s Mem., ECF No. 6-1 at 7, 14 (summarizing allegations), for which plaintiff demands $138 million. Compl. 3. This is not plaintiff's first lawsuit in this district. *See, e.g., Jordan v. United States*, No. 1:20-cv-2205 (UNA), 2020 WL 5861411, at *1 (D.D.C. Oct. 1, 2020) (dismissing plaintiff's "rambling and disjointed" complaint alleging "the misuse of a District of Columbia government seal, discrimination based on age and race, threats to rape and kill plaintiff, and denial of plaintiff's demand for pension benefits, among others," and demanding $138 million); *Jordan v. Stokes*, No. 1:21-cv-0326 (UNA) (D.D.C. Dec. 12, 2021 (dismissing plaintiff's complaint that "skips from one topic to another, without alleging facts sufficient to articulate a single colorable legal claim"); *Jordan v. Quander*, 882 F. Supp. 2d 88, 98 (D.D.C. 2012) (concluding "[o]n careful review of [plaintiff's] complaint, and its vague and unsupported allegations of harassment, threats, assaults and government surveillance . . . that the balance of plaintiff's claims must be dismissed as frivolous"). But the posture of this case, *i.e.*, on removal, is distinctive.

## II. LEGAL STANDARD

Under Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, courts must dismiss any claim over which they lack subject matter jurisdiction. Rule 12(b)(6), by contrast, requires courts to dismiss any claim upon which relief could not be granted even if jurisdiction

---

[3] All page citations are those assigned by the electronic case filing system.

2

was proper. Fed. R. Civ. P. 12(b)(6). When Rules 12(b)(1) and 12(b)(6) are invoked together, as they are here, a court must first address the issues encompassed by Rule 12(b)(1), as those issues implicate the court's ability to hear the case at all. *See Lovitky v. Trump*, 949 F.3d 753, 763 (D.C. Cir. 2020) ("[W]hen a court lacks subject-matter jurisdiction . . . it has no authority to address the dispute presented." (internal quotation marks and citation omitted))).

## III. DISCUSSION

Defendant argues, among other grounds for relief, that dismissal of this removed action is compelled under the derivative jurisdiction doctrine. Def.'s Mem. 17–20. The Court agrees.

Section 1442(a) of Title 28 of the U.S. Code authorizes federal defendants who are sued in state court to remove the action to a federal district court.[4] But under the derivative jurisdiction doctrine, the federal court may hear the underlying claim only if the state court had jurisdiction to hear it. *Day v. Azar*, 308 F. Supp. 3d 140, 142 (D.D.C. 2018) (citing *Lambert Run Coal Co. v. Baltimore*, 258 U.S. 377, 382 (1922)); *see Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (notwithstanding Congress's explicit elimination of derivative jurisdiction as a barrier to general removals by virtue of 28 U.S.C. § 1441(f), "[f]ederal courts in this District, and throughout the country, have determined that the doctrine of derivative jurisdiction still applies to claims removed under Section 1442" (collecting cases))).[5] Consequently, this Court must first

---

[4] The "term '[s]tate court' includes the Superior Court of the District of Columbia." 28 U.S.C. § 1442(d)(6).

[5] Although phrased as the doctrine of derivative *jurisdiction*, some courts have concluded that the doctrine is more accurately understood not as a limit upon a court's subject matter jurisdiction but rather as a "mere defect in the process by which a case reaches federal court." *Rodas v. Seidlin*, 656 F.3d 610, 621 (7th Cir. 2011). Nevertheless, these courts have concluded that if "a defendant timely raises the derivative jurisdiction doctrine, it erects a mandatory bar to the court's exercise of federal jurisdiction." *Ricci v. Salzman*, 976 F.3d 768, 774 (7th Cir. 2020). Here, the Court need not address whether this constitutes a defect in subject-matter jurisdiction because defendants timely raised their objection upon removal. *See* ECF No. 1; ECF No. 6.

resolve "the threshold question of whether, prior to removal, [the D.C. Superior Court] had jurisdiction of the subject matter or of the parties." *Merkulov*, 75 F. Supp. 3d at 130 (internal quotation marks and citations omitted). As explained below, the answer is no.

The "United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). This doctrine applies to federal agencies and employees sued in their official capacities. "To bring a claim against the United States, a plaintiff must identify an unequivocal waiver of sovereign immunity[,] and [c]ourts are required to read waivers of sovereign immunity narrowly and construe any ambiguities . . . in favor of immunity." *Franklin-Mason v. Mabus*, 742 F.3d 1051, 1054 (D.C. Cir. 2014) (citation omitted)). A waiver of sovereign immunity "must be unequivocally expressed in statutory text[,]" *Lane v. Pena*, 518 U.S. 187, 192 (1996), and "'it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought[,]'" *Franklin-Mason*, 742 F.3d at 1054 (quoting *Minnesota v. United States*, 305 U.S. 382, 388 (1939)). "[S]tate courts do not have presumptive jurisdiction to decide suits against the United States." *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012).

With respect to plaintiff's claim for monetary relief, Congress generally has waived sovereign immunity under (1) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80, *see Horn v. U.S. Dep't of Veterans Affs.*, 941 F. Supp. 2d 137, 139 (D.D.C. 2013), *aff'd*, No. 13-5144, 2013 WL 5975966 (D.C. Cir. Oct. 17, 2013) ("The FTCA is the exclusive remedy for seeking monetary damages against the United States for certain torts."), and (2) the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). But neither Act grants jurisdiction to state courts to hear permissible claims. *See* 28 U.S.C. § 1346(b)(1) (conferring "exclusive jurisdiction" over FTCA

claims in the federal district court); *Palacios v. Spencer*, 906 F.3d 124, 127 (D.C. Cir. 2018) ("Under the Tucker Act, the Court of Federal Claims . . . [has] exclusive jurisdiction over" claims exceeding $10,000).[6] Consequently, this Court "cannot derive" jurisdiction from the D.C. Superior Court since that court never had jurisdiction to hear plaintiff's claim for monetary relief. *Day*, 308 F. Supp. 3d at 145; *see Cofield v. United States*, 64 F. Supp. 3d 206, 214–15 (D.D.C. 2014) ("[T]he Superior Court did not have jurisdiction over Plaintiffs' claims against the Federal Defendants in the first place, and given that this matter was removed to federal court under 28 U.S.C. §§ 1442 and 1446, this Court cannot assert jurisdiction over them on removal.").

To the extent that the allegation of "job discrimination" suggests claims based on plaintiff's status as a federal employee, the result is the same. This is because the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), and related employment statutes, are the exclusive avenues for federal employees seeking redress of employment disputes. *Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1010 (D.C. Cir. 2009). And laws proscribing discrimination in federal employment do not confer jurisdiction upon state courts to hear permissible claims. *See Williams v. Perdue*, 386 F. Supp. 3d 50, 54 (D.D.C. 2019) (Title VII "identifies the courts that have jurisdiction to hear Title VII claims [as] '[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States[.]'") (quoting 42 U.S.C. § 2000e–5(f)); *Bullock*, 666 F.3d at 284 ("Congress waived

---

[6]   The Tucker Act, ch. 359, 24 Stat. 505 (1887), is codified as amended in scattered sections of Title 28 of the United States Code. The Act authorizes an appropriate federal court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages *in cases not sounding in tort*." 28 U.S.C. §§ 1346(a)(2), 1491(a)(1) (emphasis added). The so-called Little Tucker Act grants "concurrent jurisdiction to the district courts and the Court of Federal Claims in any civil action against the United States not exceeding $10,000[.]" *Franklin-Mason*, 742 F.3d at 1055.

5

sovereign immunity for Title VII suits brought by federal employees against the United States, but it explicitly provided for jurisdiction only in federal courts.").

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** the United States' motion to dismiss and **DISMISS** Jordan's complaint **WITHOUT PREJUDICE**. A separate order accompanies this Memorandum Opinion.

Date: May 31, 2022

/s/
ROYCE C. LAMBERTH
United States District Judge